IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 1, 2000 Session

## DERRICK D. WEBB v. MARVELL COLLIER, ET AL.

An Appeal from the Circuit Court for Shelby County
No. 91425 T.D.    Robert A. Lanier, Judge

———————————

No. W1999-01682-COA-R3-CV - Filed May 30, 2001

———————————

This is a false arrest case. The plaintiff was arrested by one of the defendants, a security guard, in a Kroger grocery store. The plaintiff sued the security guard, Kroger, and others. The uncontroverted evidence showed that the security guard was an employee of a private security firm and not an employee of Kroger. The trial court granted Kroger's motion for summary judgment. We reverse, finding that Kroger may be held liable under some circumstances for the actions of a security guard who is an independent contractor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Derrick D. Webb, Memphis, Tennessee, Pro Se.

Betty Ann Milligan, Thomas F. Preston, for the appellee, Kroger Grocery Stores, Inc.

### OPINION

This is a false arrest case. On November 4, 1995, Plaintiff/Appellant Derrick D. Webb was approached by Marvell Collier, a security guard, at a Kroger grocery store in Memphis, Tennessee. Collier accused Webb of attempting to shoplift a bottle of Tylenol. Webb says he had opened the bottle to take some tablets but planned to pay for it. Webb alleges that Collier screamed at him and started to throw him out of the store, using a nightstick against Webb's throat to restrain him. Webb broke free of Collier and ran into the parking lot. In the parking lot, Webb was tackled by a Kroger employee reporting to work. Collier handcuffed Webb and waited for police officers to arrive. Webb was later arrested by Memphis police and was charged with theft and assault. The criminal charges were dismissed on January 21, 1997, for lack of prosecution.

Webb, proceeding ***pro se***, filed a complaint on November 19, 1997, against Collier, Kroger Grocery Stores, Inc., and three separate "John Doe" individuals for malicious prosecution, false imprisonment, and for violating his "State and Federal Constitutional Rights." Webb alleged the Defendants were liable for violating his rights under 42 U.S.C. § 1983.[1]

Kroger filed an answer denying Webb's allegations and alleging several affirmative defenses. Among the defenses alleged by Kroger were that Webb had failed to file his action within the applicable statute of limitations[2] and that his complaint failed to state a claim upon which relief can be granted. Webb responded that his complaint was timely because his cause of action did not accrue until January 21, 1997, the day the charges against him were dismissed.

On November 9, 1998, Kroger filed a motion for summary judgment, a statement of undisputed facts, and the affidavit of Mike Rossi, Kroger's head of security for the Memphis area. Rossi's affidavit asserted that Collier was an employee of Graham Associates, Inc., the private security firm that contracted with Kroger to provide security guards in its stores, and that Collier was not an employee of Kroger. Since Collier was not a Kroger employee, Kroger argued that it was not responsible for his actions toward Webb.

On June 25, 1999, the trial court held a hearing on Kroger's motion for summary judgment. On September 20, the trial court entered an order granting Kroger's motion, finding that there was no genuine issue as to any material fact and that Kroger was entitled to a judgment as a matter of law on the basis that Collier was not a Kroger employee.[3] The order was made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. From this order, Webb now appeals.

On appeal, Webb argues that there is a genuine issue of material fact to warrant a trial because Collier was listed as the "Arresting Officer" in the original police report of his arrest in November 1995, and because Rossi stated in his affidavit that it was customary for Kroger to file charges against persons accused of shoplifting. Thus, Webb argues, Kroger was the "arresting and prosecuting party" in the criminal proceeding against him, and his suit for malicious prosecution, false imprisonment, and for violation of his civil rights should be allowed to go forward against Kroger.

---

[1] Webb filed a motion to amend his complaint to add police officers C. Fowler, M. Giannini, K. Paul, and the City of Memphis as defendants. The record does not include the trial court's ruling on this motion. Webb later filed a motion for default judgment against the officers. The officers responded, asserting they had never been served and that the statute of limitations had run. The record does not include the trial court's ruling on this motion.

[2] The parties agree that the applicable statute of limitations is one year under Tennessee Code Annotated § 28-3-104 (2000).

[3] The trial court did not address whether Webb's claims were barred by the applicable statute of limitations, and we do not address this issue on appeal.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See id.*

Ordinarily, a defendant cannot be held liable under *respondeat superior* for the negligent or intentional acts of an independent contractor. *See Zimmerman v. Elm Hill Marina*, 839 S.W.2d 760, 762 (Tenn. Ct. App. 1992). However, this Court held that, under some circumstances, a business owner may be held liable for personal injuries caused by a security guard, even if the security guard is an independent contractor. *See Pryor v. Southbrook Mall Assocs.*, No. 02A01-9709-CV-00217, 1998 WL 802005, at *4 (Tenn. Ct. App. Nov. 18, 1998). The Court reasoned that a business owner has a duty to keep the business premises in a safe condition, and a security guard who acts unlawfully violates that duty, even if he is an independent contractor. *See id.*

In this case, it is undisputed that Collier is an employee of the private security firm, an independent contractor. Webb alleges that Collier unlawfully held a nightstick to his throat, threw him out of the grocery store, and held him against his will until the police officers arrived. Taking the strongest legitimate view of the evidence in Webb's favor, as we must in considering a motion for summary judgment, we cannot conclude that Kroger cannot be held liable for Collier's actions under *Pryor*. Consequently, we must reverse the trial court's grant of summary judgment to Kroger.

The trial court's decision is reversed and the case is remanded to the trial court for further proceedings consistent with this Opinion. Costs in this appeal are taxed to the appellee, Kroger Grocery Stores, Inc., and its surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE